IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

RALPH CEDANO, INDIVIDUALLY, AND ON
BEHALF OF ALL OTHER PERSONS                              No. CV-10-237-HZ
SIMILARLY SITUATED,

                                                                                           OPINION AND ORDER

                Plaintiff,

    v.

THRIFTY PAYLESS, INC. D/B/A RITE AID and
RITE AID CORP.

                Defendants.

Steve D. Larson
Yoona Park
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Fifth Floor
Portland, OR 97204

Fran L. Rudich (admitted pro hac vice)
Seth R. Lesser (admitted pro hac vice)
KLAFTER OLSEN & LESSER LLP
Two International Drive, Suite 350

1 - OPINION AND ORDER

Rye Brook, NY 10573

    Attorneys for Plaintiff

Leah C. Lively
Elizabeth A. Falcone (admitted pro hac vice)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
222 SW Columbia Street, Suite 1500
Portland, OR 97201

Daniel E. Turner (admitted pro hac vice)
Tracey T. Barbaree (admitted pro hac vice)
Beth A. Moeller (admitted pro hac vice)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
191 Peachtree Street, NE, Suite 4800
Atlanta, GA 30303

    Attorneys for Defendants

HERNANDEZ, District Judge:

    Plaintiff Ralph Cedano ("Plaintiff" or "Cedano") alleges Defendants Thrifty Payless, Inc., doing business as Rite Aid ("Rite Aid"), and Rite Aid Corporation's ("Rite Aid Corp.") (collectively, "Defendants") misclassified him as an Assistant Store Manager ("ASM") exempt from overtime wages in violation of Oregon wage and hour laws. Second Am. Compl., ¶¶ 1, 32. He brings this action on his own behalf and on behalf of others similarly situated and employed by Defendants in the State of Oregon. Id., p. 1.

    Now before me is Plaintiff's Motion for Leave to File Third Amended Complaint (doc. #75) ("Motion to Amend") pursuant to Rule 15(a) of the Federal Rules of Civil Procedure ("Rule"). The Motion to Amend seeks to add Donna Garcia ("Garcia") as a new plaintiff and class representative. Also before me is Plaintiff's Motion for Protective Order (doc. #78) pursuant to Rule 26(c)(1).

    For the following reasons, Plaintiff's Motion to Amend is GRANTED and Plaintiff's

2 - OPINION AND ORDER

Motion for Protective Order is DENIED as moot.

## BACKGROUND

Cedano brings this action on behalf of himself and a class of persons pursuant to Rule 23(a)[1], (b)(2) and (b)(3).[2] See Second Am. Compl., ¶ 11, Prayer for Relief. The second amended complaint alleges Plaintiff was employed as an ASM at several of Defendants' Oregon stores from December 2006 to October 2007 and from April 2009 to May 2010. Id., ¶ 8. It also alleges Defendants misclassified ASMs as exempt from overtime wages even though their actual job functions involved no managerial or executive tasks. He claims this is a violation of Oregon wage and hour laws, including ORS 653.261, OAR 839.020-0030, ORS 653.055, and ORS 653.045. Id., ¶¶ 1, 32, 37, 39, 41. Plaintiff seeks an award of more than $5 million in monetary damages, a declaratory judgment that Defendants' actions are unlawful under Oregon law, and an

---

[1] Rule 23(a) sets forth four threshold requirements for all class actions. It provides that a class action may be maintained only if each of the following elements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

[2] In addition to satisfying the elements of Rule 23(a), Plaintiff must also meet at least one of the prongs of Rule 23(b). See Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1186 (9th Cir. 2001). Under Rule 23(b)(2), a class may be certified if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole. . . ." On the other hand, a class may be certified under Rule 23(b)(3) if "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

injunction against Defendants from engaging in alleged unlawful practices.  Id., ¶¶ 3, 32, 38, 42, and Prayer for Relief.

The pertinent procedural history is as follows: The Complaint (doc. #1) was filed on March 2, 2010.  The Amended Complaint (doc. #3) and Second Amended Complaint (doc. #31) were filed on March 15, 2010 and December 16, 2010, respectively.[3]

On February 17, 2011, this case was reassigned from the Honorable Garr M. King to me. On March 4, 2011, Defendants filed a Motion to Stay Proceedings (doc. #37) pending the Supreme Court's review of the Ninth Circuit's decision in Dukes v. Wal–Mart Stores, Inc., 603 F.3d 571 (9th Cir. 2010) (en banc), cert. granted, 131 S. Ct. 795 (Dec. 6, 2010).[5]  On March 7, 2011, Plaintiff filed a Motion to Compel (doc. #40) seeking an order compelling written discovery of Plaintiff's first set of interrogatories, namely the contact information of ASMs, Store Managers ("SMs") and District Managers ("DSMs") who worked in Defendants' Oregon stores.[6]

---

[3] Answers were filed in response to all of the complaints.  Sandra Zirkel ("Zirkel"), the original plaintiff in this case, filed a Stipulation of Voluntary Dismissal (doc. #32) on December 17, 2010, because she did not disclose her claims against Defendants as an asset in her bankruptcy.  Thus, the second amended complaint replaced Zirkel with Cedano.

[5] The Supreme Court rendered its decision in Dukes on June 20, 2011.  Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541 (2011).

[6] Plaintiff's interrogatories requested, among other things, that Defendants "[i]dentify the Store Managers and District Managers who worked in Defendants' stores in Oregon," and "[s]tate the names, addresses, dates of employment, and locations of employment of Assistant Store Managers employed by Defendants."  See Defs.' Resp. to Pls.' First Set of Interrog. to Defs., p. 6, 9.

On March 10, 2011, Defendants filed a Motion for Protective Order re: Depositions which sought an order barring Plaintiff from taking the depositions of SMs Denelda Horton ("Horton"), John Chamberlain ("Chamberlain"), and Paul Oleson ("Oleson").

On March 24, 2011, Plaintiff filed a second motion to compel: Motion to Compel Re Depositions (doc. #56). Plaintiff's Motion to Compel Re Depositions sought an order compelling the depositions of seven of Defendants' supervisors.[7]

On May 9, 2011, I issued an order granting Plaintiff's Motion to Compel (doc. #40), granting Plaintiff's Motion to Compel Re Depositions (doc. #56), denying Defendants' Motion for Protective Order Re: Depositions (doc. #48), and denying Defendants' Motion to Stay Proceedings (doc. #37).

Plaintiff's counsel has currently lost contact with Plaintiff, and believe he is no longer willing to serve as the named plaintiff in this action. Decl. of Steve D. Larson in Supp. of Pl.'s Mot. for Leave to File Third Am. Compl. ("Larson Decl."), ¶¶ 3-4. Accordingly, on August 30, 2011, Plaintiff's counsel filed the Motion to Amend. On September 7, 2011, Plaintiff filed the Motion for Protective Order.

## STANDARDS

### I. Motion For Leave to Amend a Complaint

Whether to grant or deny leave to amend a complaint is within the discretion of the district court. E.g., Foman v. Davis, 371 U.S. 178, 182 (1962). Rule 15(a) allows the district

---

[7] Plaintiff was supervised by seven supervisors, three of whom are Horton, Chamberlain, and Oleson. The other four are SMs who opted in as plaintiffs in Indergit v. Rite Aid Corp., No. 08 Civ. 9361(PGG), 2009 WL 1269250, at *1 (S.D.N.Y. 2009). See Park Decl. in Opp'n to Defs.' Mot. for Protective Order Re: Deps. and Defs.' Mot. to Stay Proceedings, Ex. 4.

court to freely grant leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy of freely granting leave to amend is to be applied with "extreme liberality." E.g., Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

"Five factors are frequently used to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." E.g., Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990).

## II. Protective Order

Pursuant to Rule 26(c), a court may for "good cause" issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The protective order may include one or more of the following:

> (A) forbidding the disclosure or discovery;
> (B) specifying terms, including time and place, for the disclosure or discovery;
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
> (E) designating the persons who may be present while the discovery is conducted;
> (F) requiring that a deposition be sealed and opened only on court order;
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
> (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Fed. R. Civ. P. 26(c)(1)(A)-(H).

To obtain a protective order, the party resisting discovery or seeking limitations must show "good cause" for its issuance by demonstrating harm or prejudice that will result from the discovery. Fed. R. Civ. P. 26(c)(1); see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210-1211 (9th Cir. 2002). Generally, a party seeking a protective order

6 - OPINION AND ORDER

must meet a "heavy burden" to show why discovery should be denied. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

## DISCUSSION

I address Plaintiff's Motion to Amend and Motion for Protective Order in turn.

**I. Motion to Amend**

Plaintiff's counsel argues that the addition of Garcia as an additional named plaintiff is necessary because they have lost communication with Cedano. Larson Decl., ¶ 3. They believe a possible explanation for Cedano's non-communication is that Defendants are taking retaliatory action against Cedano's wife, Stacy Cedano ("Mrs. Cedano"), who is currently an employee of Rite Aid and who is also a putative class member in this action. Id., ¶ 4. In support of their argument, they point to Defendant's July 22, 2011, Request for Production No. 11 ("Request No. 11") which sought the production of "all communications between Stacy Cedano and [Cedano's] attorneys."[8] Id., ¶ 5; Id., Ex. 1, p. 7.

**A. Bad Faith and Undue Delay**

Defendants argue there are serious questions regarding how long Plaintiff's counsel has known about Cedano's unwillingness to pursue this action. They assert the following facts establish Plaintiff unduly delayed in bringing the Motion to Amend: (1) Cedano's deposition has been cancelled on three separate occasions; (2) Cedano has not produced a single document in this action despite being a named party for the past nine months; (3) Plaintiff's counsel has never

---

[8] Plaintiff objected to Request No. 11 "on the basis that it seeks information . . . protected by the work product doctrine, . . . is not reasonably calculated to lead to the discovery of admissible evidence . . . [,and] . . . is an effort by Defendant to improperly retaliate against employees for asserting their rights." Larson Decl., ¶ 6; Id., Ex. 2, p. 6-7.

collected a single document from Cedano despite his being a named party for nine months; and (4) Plaintiff's counsel has failed to identify the date when they lost contact with Cedano. They cite Wilson v. Wal-Mart Stores, Inc., No. 07-2263-JWL, 2008 WL 2622895, at *3 (D. Kan. 2008) and Feldman v. American Memorial Life Insurance, Co., 196 F.3d 783, 793 (7th Cir. 1999) for the proposition that because Plaintiff's counsel knew well beforehand that Cedano was uncommitted to pursuing this action, Plaintiff unduly delayed in filing the Motion to Amend.

Defendants' arguments are unavailing. First, Defendants fail to cite any evidence clearly demonstrating Plaintiff's counsel had actual knowledge Cedano was unwilling to pursue this action well before filing the Motion to Amend. Second, the cases on which Defendants rely are distinguishable on their facts. Neither of the two cases cited by Defendants involve situations where the plaintiff declined to pursue the action and simply stopped communicating with his attorneys, as is the case here.

Furthermore, in Wilson, No. 07-2263-JWL, 2008 WL 2622895, at *3-4, plaintiff violated the court's scheduling order by filing her motion to amend approximately seven months after the filing deadline and without any notice as required by the scheduling order. In addition, plaintiff there filed her motion to amend the evening before the pretrial conference. By contrast, here the Motion to Amend is not in violation of any deadlines set by the court and, this court has yet to even set a pretrial conference date.

In Feldman, 196 F.3d at 793, plaintiff filed her motion to amend six months after the close of discovery and on "the eve of summary judgment proceedings." In contrast, here the Motion to Amend was filed on August 30, 2011, approximately three months before the close of

the class certification discovery deadline of December 1, 2011, and was not filed on the eve of any dispositive motion proceeding.

Based on the record before me, I find no bad faith or undue delay.[9]

**B. Prejudice**

Plaintiff's counsel argues Defendants will suffer no undue prejudice if Garcia were added as a named plaintiff because virtually no discovery pertaining to Cedano has been conducted. Larson Decl., ¶ 7. Plaintiff's counsel asserts that Cedano has not yet been deposed and that the only deposition which has been taken with respect to Cedano's supervisors was that of Paul Olesen, one of Cedano's store managers. Id., ¶ 10.

Plaintiff's counsel further contends Garcia is prepared to vigorously prosecute this action on behalf of the putative class and is willing to produce documents and sit for deposition within the next forty-five days of August 30, 2011, which they argue is well before the class certification discovery cutoff date of December 1, 2011. Id., ¶ 12. In support of their argument they point to the fact that on September 9, 2011, Plaintiff produced all of Garcia's documents, a privilege log, and formal responses to Defendants' first and second sets of requests for production of documents and interrogatories. Second Decl. of Steve D. Larson in Supp. of Pl.'s Mot. for Leave to File Third Am. Compl. ("Second Larson Decl."), ¶ 14. They also point out that at the request

---

[9] In their response to the Motion to Amend, Defendants appear to seek an order requiring Plaintiff's Counsel to state the date on which they last heard from Cedano and to produce any documentary evidence of such communication. Defs.' Opp'n to Pl.'s Mot. for Leave to File Third Am. Compl. ("Def.'s Opp'n to Am. Compl."), p. 14. To the extent that they do, Defendants' request is denied. Among other things, Plaintiff's motion is not in compliance with the Local Rules of the United States District Court for the District of Oregon ("Local Rules"). Under Local Rule 7-1(b), "[m]otions may not be combined with any response, reply, or other pleading."

of Defendants' counsel, they participated in a telephone conferral related to Garcia on September 13, 2011.  Lastly, they point out that they have proposed six dates in October for Garcia's deposition, to which Defendants have yet to respond, and have provided amended discovery responses and Garcia's verifications.  Id., ¶¶ 15-18.

Defendants contend that granting the Motion to Amend will prejudice Defendants.  They assert they have expended more than fifty hours investigating the merits of Cedano's individual claims which included preparing for his deposition, interviewing witnesses, reviewing documents, and responding to discovery requests.  Decl. of Leah H. Lively in Supp. of Def.'s Opp'n to Am. Compl. ("Lively Decl."), ¶¶ 10-12.

Defendants also argue they would not have the same amount of time to conduct an investigation of Garcia's claims as they had with respect to Zirkel and Cedano.  They argue that the addition of Garcia would require Defendants to review additional documents, interview more witnesses, and prepare for more depositions.  Accordingly, Defendants argue that granting the Motion to Amend would be unduly prejudicial by limiting them to only two months (October and November 2011) to conduct their most critical discovery.

Defendants cite a number of cases for the proposition that they would be unduly prejudiced.  I am not persuaded by Defendants' arguments and as discussed below, find the cases to which they cite distinguishable on their facts.

In Velazquez v. GMAC Mort. Corp., No. CV 08-05444 DDP (PLAx), 2009 WL 2959838, at *1 (C.D. Cal. 2009), plaintiffs brought a class action alleging violations of the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and related state law claims for relief in connection with the sale and servicing of their loans.  Velazquez, No. CV 08-05444

DDP (PLAx), 2009 WL 2959838, at *1, *3.  After plaintiffs were deposed, it became clear that plaintiffs inability to read or speak English, and axiomatically their inability to read defendants' loan disclosure documents, rendered the basis of their claims moot.  Id. at *1.  Accordingly, approximately one year after the case was filed, plaintiffs filed an amended complaint seeking the substitution of four new plaintiffs, the addition of three new defendants, and the addition of new claims.  Id. at *1, *3-4.  The four prospective plaintiffs, however, had "no connection whatsoever with [d]efendants."  Id.  The court held that the likelihood defendants would be prejudiced by the amended complaint "weigh[ed] heavily against granting the motion" because the amendment would essentially allow plaintiffs to "start anew" after "almost one year of motion practice, fairly extensive discovery, a motion to dismiss dealing with issues particular to [plaintiffs], and the filing of an amended complaint to add new defendants."  Id. at *3-4.

In contrast to Velazquez, relatively little discovery has taken place in the present case, no motion to dismiss has been filed or considered by this court, and no newly discovered evidence has rendered all of the underlying claims moot thereby requiring Plaintiff to "start anew."  Accordingly, I am not persuaded by the decision in Velazquez.

In Hitt v. Arizona Beverage Co., LLC, No. 08cv809WQH-POR, 2009 WL 4261192, at *6 (S.D. Cal. 2009), the court concluded that granting the motion to amend would unduly prejudice defendants.  In that case, defendants' motion to dismiss had already been fully briefed and defendants had already "participated in substantial discovery" by the time plaintiff filed her motion to amend.  Id. at *6.  In addition, plaintiff's motion to amend was filed after the deadline

set forth in the scheduling order.[10]  See Id.  In contrast to Hitt, here the parties have not engaged in substantial discovery and no motion to dismiss has been filed, let alone fully briefed.  In addition, the Motion to Amend in this instance is not in violation of any scheduling order deadlines.  Accordingly, I find the decision in Hitt inapposite.

In Osakan v. Apple American Group, No. 08-4722 SBA, 2010 WL 1838701, at *2 (N.D. Cal. 2010), the court concluded that granting plaintiff's motion for leave to amend would be unduly prejudicial to defendants.  There, the amended complaint was filed "less than two weeks prior to the discovery cut-off" and sought, among other things, the addition of four new class representatives and a new allegation.  Id. at *2, *4.  The court found that permitting plaintiff to add the new plaintiffs and new allegation at the "discovery cut-off and eve of trial" would unduly prejudice defendants because it would require the reopening of class discovery and would expand the scope of the litigation.  Id. at *3, *5.  In contrast, here Plaintiff's counsel did not file the Motion to Amend at the "discovery cut-off" or on the "eve of trial."  Additionally, no argument has been made that the Motion to Amend in this instance would expand the scope of litigation.  Furthermore, the plaintiff in Osakan did not seek to withdraw as the named plaintiff and completely cease contact with his attorneys, as is the case here.  The prejudice to defendants in Osakan is not present here.

In Soto v. Castlerock Farming and Transport, Inc., No. 1:09–cv–00701 AWI JLT, 2011 WL 3489876, at *3, *6 (E.D. Cal. 2011), the court concluded that granting plaintiffs' motion to amend the third amended complaint would be unduly prejudicial to defendant.  In that case,

---

[10] Rule 16(b) requires a showing of "good cause" when a party seeks to amend its pleading after the deadline established in a scheduling order.  E.g., Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000).

Plaintiff's motion to amend sought the addition of a new class representative. Id. The motion to amend, however, was filed on July 7, 2011, over two years after the third amended complaint was filed on April 20, 2009. Id. at *1. In addition, at the time the motion to amend was filed, the case had been pending for over five years and the discovery deadline for class-certification had already passed. Id. at *7. Furthermore, the amendment would have required additional discovery, the "re-litigation of some of the same discovery issues, raise new discovery disputes, and cause further expenditure of scare [sic] judicial resources," and modification of the scheduling order. Id. In contrast to Soto, here the third amended complaint was filed approximately nine months before the Motion to Amend, significantly less than the two years in Soto. In addition, this action has been pending for less than two years, considerably less than the five years in Soto. Finally, unlike Soto, the discovery deadlines for class certification here remain open and the Motion to Amend does not require that the scheduling order be changed at this time. In light of the above, I find Soto distinguishable on its facts.

    I turn last to In re Flash Memory Antitrust Litigation, No. C 07-0086 SBA, 2010 WL 2332081, at *17 (N.D. Cal. 2010), where the court held the motion to amend the complaint would unduly prejudice defendants. In that case, the amendment sought to substitute "nine new plaintiffs in place of twelve currently-named plaintiffs representatives." Id. The amendment would have required defendants to conduct additional discovery which would not otherwise have been required had plaintiffs joined the appropriate representatives "in the first instance." Id. More important, plaintiffs in that case filed the motion to amend after filing their motion for class certification, the court issued an order denying the motion for class certification, and the court

concluded that none of the proposed amendments would have cured the deficiencies in the motion for class certification. Id.

In contrast to Flash Memory Antitrust Litigation, nothing in the record here suggests that Plaintiff's counsel had reason to know Cedano would no longer wish to litigate this action or was otherwise an inappropriate representative "in the first instance." More important, unlike Flash Memory Antitrust Litigation, the discovery deadline for class certification here has not yet closed and the parties have yet to brief the issue of class certification. Accordingly, I am not persuaded by the decision in that case.

Defendants' arguments are unavailing, and I am not persuaded that they would be unduly prejudiced under the circumstances here.

### C. Previous Amendments

Defendants contend the previous two amendments to the complaint justify denying the Motion to Amend. They assert there is no indication that Garcia's complaint will fare any better and contend Plaintiff's counsel has not even submitted a declaration from Garcia supporting her readiness to make herself available for discovery. Defendants arguments are inapposite. As discussed above, I find no bad faith, undue delay, or undue prejudice. The fact that Plaintiff has previously filed two amendments to the complaint by itself is an insufficient basis to deny the Motion to Amend in this instance.

For the foregoing reasons, Plaintiff's Motion to Amend is granted.

## II. Protective Order

Plaintiff's counsel contends they have lost contact with Cedano and will seek to dismiss him from the case. Decl. of Yoona Park in Supp. of Pl.'s Mot. for Protective Order ("Park

Decl."), ¶ 4.  They further contend that despite asking Defendants to withdraw their deposition notice, Defendants have declined to do so and intend to seek sanctions if he fails to appear for his scheduled deposition on September 20, 2011.  Id., ¶¶ 6-7.

Upon a showing of "good cause," courts have the authority to grant protective orders "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  The court must identify and discuss the factors it considered when determining whether the party seeking the protective order has "good cause."  Foltz v. State Farm Mutual Automobile Insurance Co., 331 F.3d 1122, 1130 (9th Cir. 2003).  The party seeking the protective order bears the burden of establishing good cause by showing specific harm.  Phillips v. General Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002).  If the court finds particularized harm from the disclosure of information, then it must balance the public and private interests in determining whether a protective order is necessary.  Id. at 1211.  Courts are given broad discretion "to decide when a protective order is appropriate and what degree of protection is required."  Id. (quoting Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984)).  The Ninth Circuit has stated the party seeking a protective order "carr[ies] a heavy burden of showing why discovery was denied."  Blankenship, 519 F.2d at 429.

Here, Cedano's September 20, 2011, scheduled deposition date has already passed and the record shows Cedano did not appear for his deposition.  Park Decl., ¶ 5.  Defendants state they do not intend to seek sanctions at this time.  Defs.' Opp'n to Pl.'s Mot. for Protective Order, p. 2.  At oral argument on October 18, 2011, both parties conceded Plaintiff's Motion for Protective Order was moot.  I agree with the parties and hereby deny Plaintiff's Motion for Protective Order as moot.

15 - OPINION AND ORDER

## CONCLUSION

Based on the foregoing reasons, Plaintiff's Motion to Amend (doc. #75) is GRANTED and Plaintiff's Motion for Protective Order (doc. #78) is DENIED as moot.

IT IS SO ORDERED.

Dated this 25th day of October, 2011.

                                                /s/ Marco A. Hernandez
                                                MARCO A. HERNANDEZ
                                                United States District Judge